# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN KLOSTERMAN,                          Case No. 1:20-cv-878
       Plaintiff,                         Dlott, J.
                                         Litkovitz, M.J.

       vs.

RICHARD BOYDSTON, *et al*.,           **REPORT AND**
       Defendants.                   **RECOMMENDATION**

     Plaintiff John Klosterman brings this breach of fiduciary duty and corporate fraud action against defendants. (Doc. 1). This matter is before the Court on defendants' motion to dismiss (Doc. 5) and plaintiff's memorandum in opposition (Doc. 8).

     Defendants move to dismiss plaintiff's complaint on the basis that the Court lacks subject matter jurisdiction over plaintiff's claims. (Doc. 5). Defendants argue that plaintiff's complaint raises no federal question and there is no diversity of citizenship between the parties. (*Id.*). In response, plaintiff requests an "immediate injunction" against defendant Tri State Organization Inc., and contends that defendants "have no defensible claims to make a motion to dismiss[.]" (Doc. 8 at PAGEID 264).

     First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp*., 809 F.Supp. 546, 551 (S.D. Ohio 1992).

     It is undisputed that the parties are all citizens of the State of Ohio. Plaintiff is a citizen of the State of Ohio (Doc. 1; *see also* Doc. 1-1), and alleges that "[d]efendants are, and at all

times herein mentioned, residents of the City of Cincinnati, County of Hamilton, State of Ohio."
(Doc. 1 at PAGEID 221). Plaintiff also alleges that "[d]efendants are, and all times herein
mentioned, Individuals or Corporations organized and existing under the laws of the State of
Ohio with principal offices located in the City of Cincinnati, County of Hamilton." (*Id.*; *see also*
Doc. 1-1). There is not complete diversity of citizenship between plaintiff and defendants in this
case and the Court therefore lacks subject matter jurisdiction over this matter on the basis of
diversity of citizenship.

Second, the Court cannot discern a basis for federal question jurisdiction in this matter.
District courts have original federal question jurisdiction over cases "arising under the
Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the
Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts
showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*,
481 U.S. 58, 63 (1987). In other words, a case arises under federal law when an issue of federal
law appears on the face of the plaintiff's well-pleaded complaint. *Id.*; *Caterpillar*, 482 U.S. at
392.

The Court is unable to discern from the facts alleged in the complaint any federal
statutory or constitutional provision that applies to give rise to an actionable claim for relief.
Plaintiff's complaint raises no issues arising under the Constitution or laws of the United States;
rather, plaintiff alleges claims of breach of fiduciary duty (Count 1); Declaratory relief (Count
II); Injunctive Relief (Count III); Constructive Trust (Count IV); and Corporate Fraud (Count V).
(Doc. 1). The complaint provides no factual content or context from which the Court may
reasonably infer that the named defendants violated plaintiff's *federal* rights. *See Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion to dismiss (Doc. 5) be **GRANTED** on the basis that the Court lacks subject matter jurisdiction over this case.

Date: 2/12/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN KLOSTERMAN,                                      Case No. 1:20-cv-878
        Plaintiff,                                          Dlott, J.
                                                       Litkovitz, M.J.

        vs.

RICHARD BOYDSTON, *et al*.,
        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4